STATE OF CONNECTICUT *v.* JAMES BROWN

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued May 4—decided June 1, 1971

*Ralph F. Scofield,* special public defender, for the appellant (defendant).

*Donald A. Browne,* assistant state's attorney, with whom, on the brief, was *Joseph T. Gormley, Jr.,* state's attorney, for the appellee (state).

HOUSE, C. J.   James Brown was indicted by a grand jury on May 29, 1967, for the crime of murder in the first degree in that on May 12, 1967, he did wilfully, deliberately and with premeditation and malice aforethought shoot and kill Charlotte Bland in violation of § 53-9 of the General Statutes.

Initially the defendant pleaded not guilty but, on October 18, 1967, he entered a plea of guilty to murder in the second degree. He subsequently moved for permission to withdraw this plea and the motion was denied by the trial court. On appeal this court held that it was error to deny the motion. The judgment was set aside and the case was remanded for further proceedings. *State* v. *Brown,* 157 Conn. 492, 255 A.2d 612. Thereafter, the defendant pleaded not guilty to the indictment. He was tried by a jury of twelve which returned a verdict of guilty of murder in the first degree. After a hearing held in accordance with the provisions of § 53-10 of the General Statutes, the jury recommended a sentence of life imprisonment, which was imposed. On this appeal the sole assignment of error is the claim that the court erred in denying the defendant's motion to set aside the verdict of guilty of murder in the first degree. It is the basic claim of the defendant that the state failed to prove beyond a reasonable doubt the necessary elements of the crime of murder in the first degree. Such a claim is tested by the evidence printed in the appendices to the briefs and such exhibits as are made a part of the record. *State* v. *Hassett,* 155 Conn. 225, 232, 230 A.2d 553; *State* v. *Stallings,* 154 Conn. 272, 283, 224 A.2d 718. If the verdict is one which twelve honest jurors acting fairly, intelligently and reasonably could have reached on the evidence submitted to them, then the verdict cannot be disturbed. *State* v. *Miller,* 154 Conn. 622, 624, 228 A.2d 136.

From the evidence the jury could have found the following facts: The defendant, aged forty-seven, with a wife and four children living in North Carolina, came to Stamford in 1966 and established an illicit sexual relationship with Miss Bland, whom he

regarded as "his woman." On the night of May 11, 1967, Miss Bland with a friend, Helen Brown, who lived at the same address as the defendant, spent several hours with two men visiting bars and restaurants in Stamford and Portchester, New York. The women returned home about 4 a.m., on May 12, and Miss Bland, who was driving, stopped her car in front of the apartment house in which the defendant lived to let Miss Brown out. As Miss Bland was preparing to drive away, the defendant, who had been sitting on the porch waiting for her, walked over to the car and shot at her seven times. The shots came in two bursts. Three of the bullets struck Miss Bland and she died of exsanguination resulting from massive hemorrhages in the space surrounding the heart and both lungs caused by a bullet wound in the chest. After the shooting, the defendant returned to his apartment, gave the pistol to Louise Adams and said to her: "Mom, call the police. I just killed Charlotte." She placed the pistol on a dresser and made a telephone call to the police department. The defendant took the telephone from her, identified himself to the desk sergeant at police headquarters and related the circumstances of the shooting. While the defendant was still telephoning, a policeman arrived at the apartment and the defendant stated to him: "The gun is over here." The officer took possession of the pistol which was lying on the dresser. A ballistic expert testified that the pistol was a semiautomatic type which meant that the trigger had to be squeezed to discharge each bullet. Tests disclosed that seven cartridges found at the scene of the shooting and two bullets removed from the body of Charlotte Bland had been fired from the pistol.

There was also evidence that around 11 p.m.,

before the 4 a.m. shooting, the defendant borrowed an alarm clock from one of his cotenants and was walking in and out of the house and back and forth in the hall for about two hours, that he stated that he "wasn't going to let no son of a bitch run over him or something like that." On cross-examination, the defendant admitted that he did not go to bed because he wanted to talk to Miss Bland and that, with his gun in his pocket, he sat on the front porch waiting for her to come home.

On this evidence, the jury were amply justified in concluding that the state had proved beyond a reasonable doubt the essential elements of the crime of murder in the first degree. Of particular significance is the evidence that the defendant was incensed that Miss Bland was "running around," that with a loaded pistol in his pocket he sat for hours on his front porch waiting for her appearance and when she did arrive he fired seven rounds of bullets at her, pulling the trigger for each of the seven rounds which were fired in two bursts, separated by a short interval. "The length of time necessary to deliberate, or to form a specific intent to kill, need only be time enough to form a wilful, premeditated and specific intent to kill before the killing, and if there be such time, it is sufficient, no matter how long or how short it may be. *State* v. *Simborski,* 120 Conn. 624, 629, 182 A. 221; *State* v. *DiBattista,* 110 Conn. 549, 561, 148 A. 664." *State* v. *Davis,* 158 Conn. 341, 351, 260 A.2d 587.

Upon the evidence, the conclusion of the jury that the defendant with malice aforethought formed a wilful, deliberate intent to kill Charlotte Bland, and did so, was reasonable and logical.

There is no error.

In this opinion the other judges concurred.