## State of Connecticut *v.* Earl Savage

House, C. J., Thim, Ryan, Shapiro and Loiselle, Js.

Argued June 1—decided July 9, 1971

*Richard S. Scalo,* for the appellant (defendant).

*Arlen D. Nickowitz,* assistant state's attorney, for the appellee (state).

LOISELLE, J. A jury found the defendant guilty of incest in violation of § 53-223 of the General Statutes. The defendant has appealed from the judgment rendered on the jury's verdict of guilty. He has assigned error in the finding, in certain of the court's evidentiary rulings and in the court's refusal to grant his motions for a mistrial and to set aside the verdict.

We turn first to the defendant's extensive attack on the finding. A finding of the facts which the respective parties offered evidence to prove and claimed to have proved is superfluous in a case tried to the jury unless error is claimed in the charge. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 277, 197 A.2d 73; *Lucas* v. *South Norwalk Trust Co.,* 121 Conn. 201, 203, 184 A. 157. None is claimed. Here, the finding was unnecessary except for its application to errors assigned by the defendant to rulings on evidence. *State* v. *Holmes,* 160 Conn. 140, 149, 274 A.2d 153. The attack on the finding was not directed to or relevant to these rulings. His assignment of errors as to the finding, therefore, need not be considered.

The first assignment of error in the court's rulings on evidence relates to the overruling of the defendant's objection to questions which the complainant, the defendant's daughter, was asked by the state. On direct examination the complainant testified as to the claimed incestuous relations with the defendant. She then was asked why she had not told her mother of the incestuous relations with the defendant prior to the time she finally told her mother

and on redirect examination she was asked why she had not told either her doctor or school nurse of the incestuous relations. The defendant objected to these questions being answered, claiming that her reason was a basic question for the jury to determine. The long-kept silence of one who claims to have been raped would, if such silence was unexplained, have the effect of weakening her testimony when it was subsequently given in court in support of a prosecution for the offense. In our practice, the question is simply whether the delay is susceptible of a satisfactory explanation. *State* v. *Sebastian,* 81 Conn. 1, 6, 69 A. 1054. A victim's reason for not making prior complaints is a question of fact which involves a mental process, and of necessity it must be proved by the statements or acts of the person whose act is being scrutinized. *McDermott* v. *McDermott,* 97 Conn. 31, 34, 115 A. 638. Since *Horowitz* v. *F. E. Spencer Co.,* 132 Conn. 373, 379, 44 A.2d 702, we have recognized that a mental condition is a fact, that to establish it declarations of the party concerned tending to show what it was are admissible and that he may directly testify as to it.

The other error claimed in the court's ruling on evidence was its refusal to allow the defendant to testify as to his conversation with the arresting officer. The officer had stated on cross-examination by the defendant that Savage had denied his daughter's accusations. In the course of the direct examination of the defendant, he was asked by his counsel to relate his conversation with the officer. The state objected, but the defendant claimed that the whole conversation was admissible on the ground that the officer had testified previously that the defendant denied his daughter's accusations.

It is an elementary rule of evidence that where part of a conversation has been put in evidence by one party to a litigation or prosecution, the other party is entitled to have the whole conversation, so far as relevant to the question, given in evidence, including the portion which is favorable to him. *Sullivan v. Nesbit,* 97 Conn. 474, 477, 117 A. 502; *Clark v. Smith,* 10 Conn. 1, 5; 29 Am. Jur. 2d 653, Evidence, § 599; note, 118 A.L.R. 138. Here, the state did not offer in evidence the defendant's denial to the police officer of his daughter's accusations. This evidence was elicited by the defendant through cross-examination of the officer. This is not a situation where an admission or declaration by one party is put in evidence by an adverse party. Rather, it is a situation where one party through cross-examination elicits evidence favorable to himself and later in his own case attempts to expand this evidence on the ground that all the conversation is admissible when a part or a paraphrase of it was previously received in evidence. This being so, the rule allowing all of a conversation to be admitted when only a part was previously offered by his adversary is not applicable. The testimony of the defendant relating to the entire conversation with the officer concerning his denial of guilt was self-serving and, for that reason, inadmissible. *State v. Bissonnette,* 83 Conn. 261, 268, 76 A. 288; 29 Am. Jur. 2d 674, Evidence, § 621. Further, the officer's statement was in no way damaging to the defendant.

The defendant also assigns error in the trial court's refusal to grant either of his motions for a mistrial. The defendant's first motion for a mistrial was made as a result of an outburst by the complainant. As the defendant left the witness stand at the conclusion of his testimony the complainant

screamed that he was a liar and had not told the truth. This took place in the presence of the jury. The trial court thereupon excused the jury and the defendant made a motion for a mistrial which was denied by the court. The court then recalled the jury and instructed them at length to disregard the complainant's outburst. The court again so instructed the jury during its final charge.

The trial court has wide discretion in passing on motions for mistrial. *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433. It is well established that "a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated." *Ferino* v. *Palmer,* supra; *State* v. *Leopold,* 110 Conn. 55, 60, 147 A. 118. The court's careful and correct instructions to the jury to disregard the complainant's outburst obviated any possible harm to the defendant from this outburst, and the court's denial of the defendant's motion for a mistrial was well within its judicial discretion. See *Ferino* v. *Palmer,* supra; *Weimer* v. *Brock-Hall Dairy Co.,* 131 Conn. 361, 367, 40 A.2d 277; *State* v. *Kurz,* 131 Conn. 54, 62, 37 A.2d 808.

The defendant's second motion for a mistrial arose out of an alleged contact between the complainant, her mother and certain jurors. After the court reconvened on April 16, 1969, counsel for the defendant made a motion for a mistrial on the ground that on the previous afternoon the complainant and her mother had followed some jurors to the parking lot and had talked to one and possibly two jurors. Thereafter, the defendant's counsel identified the jurors allegedly involved, and each was individually questioned by the court in chambers in

the presence of counsel for the defendant and counsel for the state. On the completion of this questioning the court concluded that the complainant and her mother had not talked to the two jurors in question. The court then denied the defendant's motion for a mistrial.

Unless the facts as to outside contact with a juror conclusively show prejudice, the trial court is not bound to declare a mistrial. Rather, the proper procedure is for the court to conduct a hearing, formal or informal as the occasion may demand, in the presence of a court reporter, at which the facts can be established. See *Remmer* v. *United States,* 347 U.S. 227, 74 S. Ct. 450, 98 L. Ed. 654; *United States* v. *Miller,* 381 F.2d 529, 538 (2d Cir.); *United States* v. *Gersh,* 328 F.2d 460, 462 (2d Cir.), cert. denied, sub nom. *Mugnola* v. *United States,* 377 U.S. 992, 84 S. Ct. 1919, 12 L. Ed. 2d 1045. Where more than one juror is involved, it is preferable for the court to question them individually. See *United States* v. *Miller,* supra, 539.

This is not a case in which it was established that there was private contact, communication or tampering, directly or indirectly, with a juror during a trial about a matter pending before the jury, which was prejudicial to the defendant. See *Remmer* v. *United States,* supra; *United States* v. *Miller,* supra, 538; *United States* v. *Gersh,* supra. Here, the trial court fully developed the facts by interrogating the jurors in question, and as a result of this interrogation, the court concluded that there had been no conversation between these jurors, the complainant and her mother—a fact which is conceded by the defendant in his brief. Under these circumstances the court did not err in denying the defendant's motion for a mistrial.

The defendant's final assignment of error relates to the denial of his motion to set aside the verdict on the grounds that it was contrary to law and against the evidence. The defendant claims that the verdict was contrary to law because the testimony of the defendant's daughter as to the fact of carnal knowledge of her by the defendant was not corroborated by other witnesses. The defendant contends, in essence, that corroboration of the complainant's testimony as to the fact of carnal knowledge is essential to convict in cases of this kind. This court has held, however, that corroboration on this point is not essential. *State* v. *Dziob,* 133 Conn. 167, 169, 48 A.2d 377; *State* v. *Zimnaruk,* 128 Conn. 124, 126, 20 A.2d 613. "While in view of the ease of accusation and difficulty of disproof in cases of this kind, in the absence of corroboration the court should adopt a cautious approach and weigh the credibility of the complainant with care, particularly if there are improbabilities suggested by her story or there is substantial controverting evidence, it is not the law that corroboration is essential to proof of guilt." *State* v. *Zimnaruk,* supra. Since a defendant may be found guilty of incest on the testimony of the complainant alone, we need not reach the question whether there was in fact corroboration of the complainant's testimony.

The defendant also claims that the verdict was contrary to the evidence. Under § 53-223 of the General Statutes, a conclusion of guilty of the crime of incest is proper if the defendant and the victim were within the prohibited degree of relationship and the defendant has carnal knowledge of the victim. A claim that the evidence was insufficient to support the verdict is tested by the evidence printed in the appendices to the briefs. *State* v.

*Mortoro,* 157 Conn. 392, 393, 254 A.2d 574; *State* v. *Gyuro,* 156 Conn. 391, 397, 242 A.2d 734, cert. denied, 393 U.S. 937, 89 S. Ct. 301, 21 L. Ed. 2d 274. It is undisputed that the complainant is the daughter of the defendant. She testified that she lived with the defendant, that when she was thirteen years old he had fondled her, that in 1968 and in prior years he engaged in intercourse with her, that the final occasion on which he had intercourse with her was in October, 1968, that this episode occurred in her brother's room, and that the defendant took off her clothes, fondled her, used a contraceptive and proceeded to have intercourse with her. This evidence was sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt.

There is no error.

In this opinion the other judges concurred.