STATE OF CONNECTICUT *v.* EUGENE J. KEARNEY

HOUSE, C. J., RYAN, SHAPIRO, MACDONALD and BOGDANSKI, JS.

Argued October 12—decided November 29, 1972

*Raymond W. Ganim,* for the appellant (defendant).

*Edward W. O'Brien,* state's attorney, for the appellee (state).

HOUSE, C. J. On a jury trial the defendant was found guilty of the crime of murder in the second degree. He has appealed from the judgment rendered on that verdict and has also appealed from the denial of his motion for a new trial. In accordance with a stipulation by the parties, the court ordered that the two appeals be combined for presentation to this court and that a single record be printed.

We find that a decision on one of the defendant's several assignments of error is dispositive of the merits of the combined appeals. This assignment of error is that the court erred in denying the defendant's motion to set aside the verdict of guilty because of the insufficiency of the evidence to prove the guilt of the accused beyond a reasonable doubt. The trial court's action on a motion to set aside a verdict on the ground that it was unsupported by the evidence is tested in light of the evidence printed in the appendices to the briefs and not by the finding. Practice Book §§ 716, 718; *State* v. *Cobb,* 159 Conn. 31, 32, 266 A.2d 393; *Amato* v. *Sawicki,* 159 Conn. 490, 491, 271 A.2d 80; Maltbie, Conn. App. Proc. § 185. "We have repeatedly referred to this requirement of the rules, and there is no excuse for failure to

conform to it." *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193; see *State* v. *Cari,* 163 Conn. 174, 176, 303 A.2d 7; *State* v. *Benton,* 161 Conn. 404, 406, 288 A.2d 411; *State* v. *Brown,* 161 Conn. 219, 220, 286 A.2d 304; *State* v. *Laffin,* 155 Conn. 531, 532, 235 A.2d 650; *State* v. *Schindler,* 155 Conn. 297, 301, 231 A.2d 652; *State* v. *Vars,* 154 Conn. 255, 258, 224 A.2d 744; *State* v. *Jones,* 153 Conn. 451, 455, 217 A.2d 691; *State* v. *Mariano,* 152 Conn. 85, 100, 203 A.2d 305, cert. denied, 380 U.S. 943, 85 S. Ct. 1025, 13 L. Ed. 2d 962. The evidence printed in the appendices to the briefs in this case is not sufficient to support a guilty verdict. There is in the state's appendix evidence of the death of Phyllis Manwaring, referred to as "the victim," and this evidence would justify the jury in finding that the state had proved the corpus delicti under the definition of that term which this court approved in *State* v. *Tillman,* 152 Conn. 15, 20, 202 A.2d 494, that is, "the fact of the death, whether or not feloniously caused, of the person whom the accused is charged with having killed or murdered." The appendices of both the state and the defendant are barren, however, of any evidence which would tend to prove that the defendant caused that death and, if he did, under what circumstances. That there existed at least some evidence tending to prove a connection between the defendant and the death of Mrs. Manwaring is indicated by the state's claim of proof as reported in the court's finding as well as by the circumstance that the court denied the defendant's motion to set aside the verdict. The court, however, did not file any memorandum of decision giving its reasons for denying the motion to set aside the verdict and "we have been kept in the dark by the state's failure to bring that evidence, or a statement of it, properly before us." *State* v.

*Amendola,* 152 Conn. 166, 168, 204 A.2d 836. Under the circumstances, a new trial must be ordered.

Our decision on the merits of this single assignment of error is, of course, dispositive of the present appeals. It would serve no helpful purpose to discuss all of the remaining assignments of error and especially those relating to rulings on the admission of evidence where, if the same question should again arise, there is no certainty that it will arise in the same context. It is likewise unnecessary to discuss the assignment of error relating to the ruling of the court excusing jurors who expressed their opposition to capital punishment. See *Witherspoon* v. *Illinois,* 391 U.S. 510, 88 S. Ct. 1770, 20 L. Ed. 2d 776; *Bumper* v. *North Carolina,* 391 U.S. 543, 88 S. Ct. 1788, 20 L. Ed. 2d 797. Since the jury found the defendant guilty of murder in the second degree, the possibility of the imposition of the death penalty on a retrial no longer exists not only because of the holding of the United States Supreme Court in *Furman* v. *Georgia,* 408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346, but also because of its holding in *Benton* v. *Maryland,* 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707, and *Price* v. *Georgia,* 398 U.S. 323, 90 S. Ct. 1757, 26 L. Ed. 2d 300.

The evidence claimed by the defendant on his motion for a new trial to be newly discovered will, of course, be available to him on the retrial and the assignments of error relating to the defendant's motions for disclosure and production if not rendered moot by the disclosures which were the subject of the motion for a new trial cannot arise in the same context in the light of the new rules governing discovery and inspection in criminal cases which became effective October 1, 1972. See Practice Book §§ 533A–533S.

The assignments of error relating to the proceedings before the grand jury require but brief mention. The court denied motions by the defendant that defense counsel be permitted to be present during the grand jury proceedings and that a record of those proceedings be transcribed and furnished to the defendant. There was no error in these rulings. *State* v. *Delgado,* 161 Conn. 536, 539, 290 A.2d 338; *State* v. *Vennard,* 159 Conn. 385, 390, 270 A.2d 837, cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625; *State* v. *Stallings,* 154 Conn. 272, 282, 224 A.2d 718.

We also find no merit to the assignments of error addressed to the court's denial of the defendant's motions to suppress certain physical evidence taken from the person of the defendant and oral statements which he made to the police. The court found from the testimony of police officers that the defendant had been fully warned of his rights in accordance with the holding of *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, and that the defendant voluntarily and intelligently waived his constitutional rights and consented to the search. The defendant makes no claim that his several consents were the result of duress, deception or sham. See *Bumper* v. *North Carolina,* supra; *State* v. *Memoli,* 159 Conn. 433, 436, 270 A.2d 543. It appears that there was no error in these rulings.

Despite the lack of error in these further assignments of error which we have discussed because the same problems might well arise on a new trial, we, for the reasons already explained, do find error in the judgment and remand the case for a new trial.

In this opinion the other judges concurred.