STATE OF CONNECTICUT *v.* NOWELL BRATHWAITE

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 8—decided April 5, 1973

*Noble K. Pierce,* for the appellant (defendant).

*Bernard D. Gaffney,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was charged with (1) sale of a narcotic drug and (2) possession of a narcotic drug. A jury found him guilty of both counts and the defendant has appealed, assigning as error the denial of his motion to set aside the verdict and two rulings on evidence.

The defendant's attack on the court's denial of his motion to set aside the verdict is considered by examining the evidence printed in the appendices to the briefs in order to determine whether the jury acted fairly, intelligently and reasonably in rendering its verdict. *State* v. *Mayell,* 163 Conn. 419, 421, 311 A.2d 60; *State* v. *Shelton,* 160 Conn. 360, 361, 278 A.2d 782.

From the evidence offered, the jury could reasonably have found the following facts. In May,

1970, Trooper Jimmy Glover of the Connecticut state police was assigned to the narcotics squad in an undercover capacity. On the evening of May 5, 1970, at about 7:45 p.m., he went with an informant to an apartment on the third floor of a building at 201 Westland Street, Hartford. There was natural light coming through the windows in the hallway and Glover had no difficulty seeing in the hallway. He knocked at the door of an apartment and when the door opened, he observed a male standing in front of a female. Trooper Glover asked the man for some narcotics. The door was closed and after a few moments the door was reopened and Glover purchased two glassine bags containing a white powder for $20 from the male. Although Glover did not know the seller at that time, he stood within two feet of the seller and was looking at his face for two or three minutes. Two police officers acting as covering officers observed Glover enter the building and when Glover met with them later that same evening he showed them what he had purchased. A subsequent report from the state laboratory disclosed that the white powder was heroin. When Glover described the seller to one of the officers, that officer recognized the description as that of the defendant and the next day left a photograph of the defendant at the state police headquarters for Glover to view. Glover made an in-court identification of the defendant as the person who had sold him the heroin. The defendant, who lives on Albany Avenue, Hartford, was arrested in July, 1970, at the apartment of Mrs. Virginia Ramsey, 201 Westland Street, Hartford.

The question presented by the defendant's claim that the court erred in refusing to set aside the verdict is whether the trial court abused its discre-

tion. *State* v. *Benton,* 161 Conn. 404, 409, 288 A.2d 411. On the evidence presented, the jury were amply justified in concluding that the state had proven beyond a reasonable doubt that the defendant had possession of and made a sale of heroin. *State* v. *Savage,* 161 Conn. 445, 452, 290 A.2d 221; *State* v. *Brown,* 161 Conn. 219, 222, 286 A.2d 304. The court was not in error in refusing to set aside the verdict.

The defendant claims that the court erred in permitting officer Glover to make an in-court identification of the defendant. The defendant asserts that the court should have determined whether evidence of Glover's observance of the defendant's photograph shortly after the sale was prejudicial before it allowed the in-court identification of the defendant. There was no objection or exception to the evidence when offered and this claim first appears in the defendant's brief. The defendant has not shown that substantial injustice resulted from the admission of this evidence. Unless substantial injustice is shown, a claim of error not made or passed on by the trial court will not be considered on appeal. *State* v. *Bausman,* 162 Conn. 308, 315, 294 A.2d 312; *State* v. *Fredericks,* 154 Conn. 68, 72, 221 A.2d 585.

The defendant, who had testified in his own behalf, assigns error in the court's overruling of his objections to questions asked of him and one of his witnesses by the state on cross-examination. Detailing the relevant evidence given prior to each question and the objections made would serve no useful purpose. A trial court has wide discretion as to the allowance of questions involving relevancy and remoteness and also as to the scope of cross-examination. *State* v. *Towles,* 155 Conn. 516, 523,

235 A.2d 639; *State* v. *Keating,* 151 Conn. 592, 597, 200 A.2d 724, cert. denied, sub nom. *Joseph* v. *Connecticut,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557. The questions asked were proper and relevant to the matters raised by the defendant's own testimony.

There is no error.