## STATE OF CONNECTICUT *v.* DWAIN R. JOHNSON

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued May 8—decision released June 4, 1974

440

*Louis RisCassi,* special public defender, for the appellant (defendant).

*Bernard D. Gaffney,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

House, C. J. On a trial to a jury, the defendant, Dwain R. Johnson, was found guilty on three counts of a substituted information which charged him with possession with intent to sell a narcotic drug, with possession of a narcotic drug and with conspiracy to violate §§ 19-480a and 19-452 of the 1969 Supplement to the General Statutes relating to dependency-producing drugs. On this appeal, he has pressed three assignments of error. Two of them relate to rulings of the court admitting in evidence two exhibits offered by the state, and the third is based on the court's denial of his motion to set aside the verdict as contrary to law and to the evidence.

The correctness of the court's ruling on the motion to set aside the verdict is tested by the evidence printed in the appendices to the briefs. *State* v. *Mullings,* 166 Conn. 268, 348 A.2d 645; *State* v. *Hall,* 165 Conn. 599, 345 A.2d 17; *State* v. *Cobbs,* 164 Conn. 402, 324 A.2d 234. The evidence printed in the appendices to the briefs would permit the jury to find the following facts: On March 19, 1971, Harvey Wheeler, an undercover federal narcotics agent, arranged to purchase two ounces of heroin from Irving Miskin for $1750. The sale was

to take place after Miskin obtained the heroin from the defendant, Johnson, who was his supplier. Miskin telephoned Johnson to arrange to obtain the heroin and thereafter with a friend, Thomas Geckler, drove from Hartford to New London to meet Johnson, who was living there. Shortly after their meeting, Johnson and a girl friend in one car, and Miskin and Geckler in another, drove to Hartford and to a restaurant parking lot where it had been agreed the delivery and sale would take place. At the parking lot, Johnson stopped his automobile parallel to, and about three feet from, the automobile in which Miskin was riding, motioned to Miskin to roll down his window, and thereupon threw from his automobile a plastic bag containing heroin through the open window of Geckler's automobile and onto the seat next to Miskin. Wheeler arrived a few minutes later and as the sale from Miskin to Wheeler was about to take place, Hartford policemen, who had been alerted, converged on the scene and made arrests. Johnson, who was to receive $1500 of the $1750 sale price of the heroin, was apprehended in his automobile a short distance from where the sale was taking place between Wheeler and Miskin. The plastic bag was taken from Miskin by the Hartford police and subsequently delivered to the state laboratory for the testing and analyzing of its contents. The plastic bag with its contents was introduced in evidence as exhibit A at the trial, and a certified copy of the report of the state department of health regarding its toxicological examination and its finding that the plastic bag contained heroin was admitted as exhibit B.

On the basis of this evidence, which was submitted for their consideration, the jury could reasonably

and logically find that the defendant, Johnson, was guilty as charged. There was no error in the refusal of the court to set aside the verdict as contrary to the evidence and contrary to law.

The defendant's remaining claims are that the court committed error in admitting in evidence the plastic bag and its contents, marked as exhibit A, and the report and analysis from the state department of health laboratory, exhibit B.

Exhibit A was introduced in evidence through Miskin, who was called as a witness by the state. He testified to his agreement to sell a quantity of heroin to Wheeler for $1750, that he telephoned Johnson in New London and asked him to get the heroin, that Geckler drove him to New London, where he completed arrangements to obtain the heroin from Johnson, that the two vehicles were driven to Hartford to the parking lot where the sale was to take place, that as the vehicles were stopped side by side Johnson threw a glassine bag of heroin from his automobile through the open window of the Geckler automobile, in which Miskin was riding, and that the bag landed on the floor of the automobile and Miskin picked it up. He testified that exhibit A looked like the same bag that Johnson tossed to him and "the only thing different is the elastic is around there different." Another witness, Officer Francis Kelliher of the Hartford police department, testified that he arrested Miskin in the parking lot while Miskin was engaged in making the sale to the agent Wheeler. He identified exhibit A as the bag containing what appeared to be heroin which he uncovered in searching Miskin and testified that he turned the bag and its contents over to Detective Bernard Sullivan. Sullivan testified that he was

with Officer Kelliher, who took Miskin into custody at the parking lot and delivered to Sullivan the plastic bag containing a white powder. Sullivan identified exhibit A as that bag and said that he delivered it to the state toxicological laboratory for analysis.

In light of the foregoing testimony, we find no error in the ruling of the court admitting exhibit A for the consideration of the jury despite the claim of the defendant that there was insufficient proof of identification of the offered exhibit. The trial court must decide under the test of reasonable probability whether the identification and nature of contents are sufficient to warrant the reception in evidence of an offered exhibit, and this ruling of the trial judge may not be overturned except for a clear abuse of discretion. *State* v. *Brown,* 163 Conn. 52, 57, 301 A.2d 547; *State* v. *Johnson,* 162 Conn. 215, 232, 292 A.2d 903; see *State* v. *Mullings,* 166 Conn. 268, 279, 348 A.2d 645. We find no abuse of the court's discretion in admitting exhibit A.

To prove that the plastic bag, exhibit A, contained heroin, the state offered in evidence the report from the Connecticut health department laboratory signed by Abraham Stolman, the supervising state toxicologist, certifying that the powder contained in exhibit A was heroin. The offer was made pursuant to the long-established exception to the hearsay rule permitting the introduction of public records as exhibits. *Wong* v. *Liquor Control Commission,* 160 Conn. 1, 8–10, 273 A.2d 709, cert. denied, 401 U.S. 938, 91 S. Ct. 931, 28 L. Ed. 2d 218; *State* v. *Torello,* 103 Conn. 511, 515, 131 A. 429; see *Commonwealth* v. *Slavski,* 245 Mass. 405, 415, 140 N.E. 465; 5 Wigmore, Evidence (3d Ed.) § 1672; McCormick, Evidence (2d Ed.) § 315; see also Gen-

eral Statutes § 52-165. The sole basis of the objection made by the defense counsel to the admission of the report as an exhibit was the statement: "I don't have an opportunity to examine the State Toxicologist, who signed it. I think that I should be given an opportunity to ask him what he did and how he did it, when he did it." On this objection the state's attorney referred the court to the decision in the *Wong* case and stated that if the defense counsel "wants the toxicologist, I would do whatever I can to help him get the toxicologist here; but I don't feel that under the law I'm required to produce him." No further or other objection was raised nor did the defendant request a recess or time to produce the state toxicologist. The court admitted the report as exhibit B and the defendant excepted to the court's ruling.

The defendant on this appeal has, for the first time, claimed that the court erred in its ruling because the state had not complied with General Statutes § 19-483 (b) (Public Acts 1971, No. 164), which became effective one week prior to the commencement of the trial. Since, however, that claim was never made at the trial and the trial court was never called upon to rule on the claim now advanced for the first time, we do not consider it but confine ourselves to the objection raised in the trial court. "The defendant, as an appellant, is confined in this court to the ground of objection put forward by . . . [him] in the trial court." *Salvatore* v. *Hayden,* 144 Conn. 437, 443, 133 A.2d 622; *State* v. *Williams,* 90 Conn. 126, 130, 96 A. 370. To assign error in the court's evidential ruling on the basis of objections never raised at the trial amounts to trial by ambuscade of the trial judge. *State* v. *DeGennaro,* 147 Conn. 296, 304, 160 A.2d 480, cert. denied, 364 U.S.

873, 81 S. Ct. 116, 5 L. Ed. 2d 95. It is not without significance, also, that the defendant makes no claim of surprise by the introduction of the toxicologist's report, no claim that the defense had not been shown the report at least five days prior to the start of the trial, and no claim that the defendant was unable to produce the toxicologist as a witness or requested any delay in the trial to do so.

"This court is not bound to consider claims of law not made at the trial. *Harry* v. *Bidwell,* 149 Conn. 93, 98, 175 A.2d 704. This rule applies to criminal as well as civil cases. *State* v. *Sul,* 146 Conn. 78, 81, 147 A.2d 686. While it is true that we have applied this rule with some flexibility in capital cases, such as in *State* v. *Walters,* 145 Conn. 60, 138 A.2d 786, cert. denied, 358 U.S. 46, 79 S. Ct. 70, 3 L. Ed. 2d 45, and *State* v. *Reid,* 146 Conn. 227, 149 A.2d 698, this policy does not permit a defendant in a criminal case to fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on an appeal. Under such a procedure (1) claims of error would be predicated on matters never called to the attention of the trial court and upon which it necessarily could have made no ruling in the true sense of the word; and (2) the appellee, here the state, would be lured into a course of conduct at the trial which it might have altered if it had any inkling that the accused would, in the event of a conviction, claim that such a course of conduct involved rulings which were erroneous and prejudicial to him." *State* v. *Taylor,* 153 Conn. 72, 86, 214 A.2d 362, cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442; see also Practice Book § 226.

In light of the holding of this court in *Wong* v. *Liquor Control Commission,* supra, and *State* v. *Torello,* supra, and the limited objection to the offer made by the defendant, we find no error in the ruling of the court admitting the toxicologist's report as an exhibit in this case.

There is no error.

In this opinion the other judges concurred.