STATE OF CONNECTICUT *v.* EDWARD J. SMITH

HOUSE, C. J., COTTER, SHAPIRO, MACDONALD and BOGDANSKI, Js.

 

Argued October 9—decision released November 26, 1974

*Raymond J. Quinn, Jr.,* public defender, for the appellant (defendant).

*Francis M. McDonald, Jr.,* state's attorney, for the appellee (state).

COTTER, J. The defendant was found guilty by a jury of possession of heroin, possession of marihuana, and possession of heroin with intent to sell when at the time of his arrest he was not a drug-dependent person. The defendant has appealed from the judgment.

As to his conviction on the third count, the defendant has assigned as error the court's denial of his motion to set aside the verdict on the ground that the evidence was insufficient to justify the finding, beyond a reasonable doubt, that he was not a drug-

dependent person at the time of arrest. We examine the evidence printed in the appendices to the briefs in order to determine whether the jury acted fairly, intelligently and reasonably in rendering its verdict. *State* v. *Johnson,* 166 Conn. 439, 352 A.2d 294; *State* v. *Brathwaite,* 164 Conn. 617, 325 A.2d 284.

From the evidence offered, the jury could reasonably have found the following: At the time of his arrest on November 18, 1971, the defendant had a brown paper bag containing 225 glassine packets of white powder in his possession. The state toxicologist, upon chemical analysis, determined that each packet contained heroin.

At trial, the defendant testified on cross-examination that he was not dependent on heroin at the time of his arrest. In addition, testimony was introduced that persons who use heroin do so by injecting it into the veins, placing it directly under the skin, or sniffing it through the nostrils. The state toxicologist testified that when a person chooses to inhale or snort heroin, erosion or swelling of the internal membranes of the nose occurs. State Police Corporal Nicholas Valerio, Jr., testified that no "tracks" or scars from injecting heroin were found in the defendant's arms, and no deterioration or erosion in the nose was observed when the defendant was examined at the police station after his arrest. The defendant on direct examination stated that he did snort "six or seven bags of heroin a day"; however, he testified that the reason for doing this was to avoid becoming an addict.

The question presented by the defendant's claim that the court erred in refusing to set aside the verdict is whether the trial court abused its discretion.

*State* v. *Brathwaite,* supra, 618–19; *State* v. *Benton,* 161 Conn. 404, 409, 288 A.2d 411. Evidence must be given the construction most favorable in support of the jury's verdict. *Tucker* v. *Halay,* 156 Conn. 633, 634, 242 A.2d 730. On the evidence presented, the jury could have concluded that the state had proved beyond a reasonable doubt that the defendant was not a drug-dependent person at the time of his arrest. See *State* v. *Brathwaite,* supra, 619; *State* v. *Savage,* 161 Conn. 445, 452, 290 A.2d 221; *Tucker* v. *Halay,* supra. The court was not in error in refusing to set aside the verdict.

The defendant next claims error in the trial court's failure to strike that portion of Corporal Valerio's testimony in which he reiterated a statement by the defendant made when he was taken to the police station after his arrest that he was not then using heroin. The defendant argues that prior to making the incriminating statement, he had not effectively waived his rights recognized by the United States Supreme Court in *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. The substance of the defendant's objection at trial to the court's failure to strike this testimony, however, was that the police had not truly provided him with the opportunity to obtain counsel as required by *Miranda,* supra, 474, 479. We will not consider such a claim of error raised for the first time on appeal and find no error in the only ruling which the trial court was called upon to make. See *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576; *State* v. *Johnson,* 166 Conn. 439, 352 A.2d 294.

Finally, the defendant has assigned error in the court's failure to grant his motion for a directed verdict, on the ground that the statute creating the

crime of which he was convicted on the third count was unconstitutional. The statute purports to punish persons who are convicted of possession of heroin with intent to sell, and who are not drug dependent at the time of arrest.[1] The defendant argues that the statute in relating criminality to drug dependency at the time of arrest, and not to the time of the "commission of the crime," in effect subjects persons to punishment who may well have been drug dependent prior to their arrests (e.g., during the time of the police investigation) but who, at the time of arrest, are no longer addicted. For this reason, the defendant submits, it is possible for persons to be convicted and sentenced merely because they were in possession of heroin with the intent to sell it due to a compulsion they were under at some time before their arrest; and that consequently, the statute is unconstitutional on its face as purporting to punish the "status" of drug dependence in violation of the prohibition against "cruel and unusual punishment" in the eighth amendment of the United States constitution as applied to this state by the fourteenth amendment. The defendant cites as authority *Robinson* v. *California,* 370 U.S. 660, 82 S. Ct. 1417, 8 L. Ed. 2d 758.

---

[1] "[Public Acts 1971, No. 812 § 1. General Statutes] Sec. 19-480a. PENALTY FOR ILLEGAL MANUFACTURE, SALE, PRESCRIPTION, ADMINISTRATION BY NON-DRUG-DEPENDENT PERSON. Any person who manufactures, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic drug or more than one kilogram of a cannabis-type drug, except as authorized in this chapter, and who is not, at the time of his arrest, a drug-dependent person, for a first offense, shall be imprisoned not less than ten years nor more than twenty years; and, for a second offense, shall be imprisoned not less than fifteen nor more than thirty years; and for any subsequent offense shall be imprisoned for thirty-five years."

The defendant's reliance on *Robinson* is misplaced. There the United States Supreme Court invalidated a California statute construed as making it a criminal offense merely to "be addicted to the use of narcotics." Id. Assuming arguendo that the defendant's interpretation of the Connecticut statute under which he was convicted is correct, this statute could foreseeably subject to punishment persons who are not only drug dependent prior to arrest, but are also in possession of heroin and have the intent to sell it. Even though this drug dependence alone may be the sole cause of the person's being in possession of heroin with the intent to sell it, the Supreme Court has specifically refused to hold that the eighth amendment exculpates persons who commit other acts proscribed by the criminal law because of a compulsion induced by such dependence. *Powell* v. *Texas,* 392 U.S. 514, 88 S. Ct. 2145, 20 L. Ed. 2d 1254. In an opinion by Justice Marshall, the court held that the eighth amendment does not prevent the state from prosecuting a person for engaging in acts proscribed under the criminal law even if the condition essential to constitute the defined crime is part of the pattern of his disease and is occasioned by a compulsion symptomatic of the disease. Id., 533. Rather, criminal penalties may be inflicted "if the accused has committed some act, has engaged in some behavior, which society has an interest in preventing." Ibid. The defendant does not claim that Connecticut has no interest in preventing a person's possession of heroin with intent to sell, even if such conduct stems from some compulsion brought on by drug dependence. The statute on its face does not violate the constitutional prohibition against cruel and unusual punishment. The trial court did not err in ruling as it did on this

issue in denying the defendant's motion for a directed verdict. Practice Book § 480. We need not consider other possible grounds of unconstitutionality not raised by the defendant at trial. *State* v. *Johnson*, supra.

There is no error.

In this opinion the other judges concurred.