STATE OF CONNECTICUT *v.* MORRIS SMITH

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 957

Argued January 19 – decided April 17, 1981

*Jerrold H. Barnett,* public defender, for the appellant (defendant).

*Robert E. Beach, Jr.,* assistant state's attorney, for the appellee (state).

DALY, J.  The defendant was charged in a three-count information with cruelty to persons in violation of General Statutes § 53-20, assault in the third degree in violation of General Statutes § 53a-61, and threatening in violation of General Statutes § 53a-62. After a trial to the jury the defendant was convicted of cruelty to persons and assault in the third degree. The defendant made a motion for acquittal, which the court denied.  The defendant has appealed claiming that the court erred in its charge to the jury (1) upon the requirements for proof beyond a reasonable doubt, (2) upon the credibility of interested witnesses, and (3) upon the elements of the offense of cruelty to persons.  He also claims error in the denial of his motion for a judgment of acquittal because of insufficient evidence.

The jury could reasonably have found the following facts:  The defendant was employed as a Mental Retardation Aide (MRA) at Mansfield Training School during the period of the alleged offenses, August 1978 to May 1979.  He was assigned to section D, a closed ward, in the south portion of a building known as Thomson Hall, which houses ambulatory male patients who are nonverbal and severely retarded. The twenty-eight inmates in section D are cared for by three continuous shifts of MRAs.  Although four direct care staff members are considered the minimum safe level, at times fewer than four MRAs were on duty.  On May 13, 1979, Elaine Steele, an MRA, was sent to section D to substitute for another MRA who became ill.  The following day she made a report to Robert Hayward, the assistant director of the Residential Program, concerning acts of abuse

which the defendant had committed against certain inmates. The essence of the report was that the defendant had bounced up and down on an inmate's lap, had trained inmates to kick each other, had banged inmates' heads against the wall, and had kicked inmates in the groin. During the trial, Steele and several other employees testified that over the period in question they had seen the defendant commit similar acts of abuse. Some of them admitted that they had abused inmates themselves. A medical examination made on the day following Elaine Steele's original report revealed no physical injuries to the inmates reported to have been abused. Evidence was also offered that the Mansfield Training School officials conducting the in-house investigation had told those employees who testified against the defendant that in return for their testimony they would receive immunity from prosecution and that if they failed so to testify they could lose their jobs. All but one of the employees who so testified received promotions.

I

The defendant claims that the court erred in its charge on proof beyond a reasonable doubt because it failed to instruct the jury that such proof excludes every reasonable hypothesis except that of the defendant's guilt. Since this language was included in the defendant's request to charge, we will consider this issue on appeal. Practice Book § 854.[1] The defendant maintains that when a request to charge is made which is relevant to the issues of the case and is

---

[1] Practice Book § 854 provides: "The judicial authority shall deliver the instructions to the jury after the closing arguments. Immediately after the conclusion of the charge to the jury, counsel taking exception shall, out of the presence of the jury, state distinctly the matter objected to and the ground of the exception. The appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or an exception has been taken immediately after the charge is delivered by the party appealing."

an accurate statement of the law, the trial court is required to instruct the jury on the substance of that request. *State* v. *Cooper,* 182 Conn. 207, 212, 438 A.2d 418 (1980). It is not necessary for the court to charge in the exact words of the request. Ibid. To determine if the charge was substantially correct, we must consider the charge as a whole. *State* v. *Smith,* 183 Conn. 17, 27, 438 A.2d 1165 (1981). We must examine whether, reading the charge as a whole, that portion of the charge to which objection has been taken can be considered as a basis for finding harmful error. *State* v. *Derrico,* 181 Conn. 151, 171, 434 A.2d 356, cert. denied, 449 U.S. 1064, 101 S. Ct. 789, 66 L. Ed. 2d 607 (1980).

The court charged as follows: "And what is a reasonable doubt? A reasonable doubt is not a slight doubt. It is not a possible doubt. It is not a conjecture or a guess, nor does it arise from feelings of sympathy or pity for anyone who may be affected by your verdict. A reasonable doubt is one which is based on the evidence and flows naturally from the evidence or lack of evidence. It is, in short, a doubt which is based on reason." This instruction adequately defined a reasonable doubt as a doubt founded on reason as contrasted with a purely speculative doubt. *State* v. *Derrico,* supra. The charge on reasonable doubt, taken as a whole, was sufficient to present the case to the jury fairly, so that no injustice would result. Ibid.

It should also be noted that the court in charging upon the presumption of innocence had told the jury that "if a piece of evidence offered is capable of two reasonable constructions, one of which favors innocence, it must be given the construction favoring innocence." This instruction embodies substantially the content of the requested instruction in a form more comprehensible to the layman.

The defendant does not contend that the charge was incorrect as far as it went. Rather, he maintains

that in failing to include the instruction that proof beyond a reasonable doubt excludes every reasonable hypothesis except that of the defendant's guilt, the court omitted an essential element of the reasonable doubt charge. The charge requested by the defendant may not be incorrect and indeed this formulation has been set forth in several Connecticut cases. E.g., *State* v. *Hall,* 165 Conn. 599, 603, 345 A.2d 17 (1973); *State* v. *Mayell,* 163 Conn. 419, 427–28, 311 A.2d 60 (1972). We do not agree, however, that it is essential where the charge is otherwise correct and sufficient to apprise the jury of the meaning of proof beyond a reasonable doubt. The charge concerning the exclusion of every reasonable hypothesis except that of the defendant's guilt has been said to be required only where the evidence is entirely circumstantial. *Byrth* v. *United States,* 327 F.2d 917, 919 (8th Cir. 1964). Moreover, the United States Supreme Court has held that even where the evidence is wholly circumstantial, where the jury has been properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect. *Holland* v. *United States,* 348 U.S. 121, 139, 75 S. Ct. 127, 99 L. Ed. 150 (1954); *Robertson* v. *United States,* 364 F.2d 702 (D.C. Cir. 1966). Accordingly, the instruction was without error.

## II

The defendant claims that the court erred in failing to give the requested charge on the credibility of biased, interested and prejudiced witnesses. The gravamen of this complaint is that the facts of this case, especially the interest that several of the witnesses had in testifying against the defendant, required that the interest of these witnesses should be particularized in the court's charge. The request to charge filed by the defendant, however, sought only an instruction that the testimony of an informer who provides evidence for pay, immunity, vindication, or

personal advantage shall be examined and weighed by the jury with greater care than that of an ordinary witness.

The inherent unreliability of accomplice testimony normally requires a particular caution to the jury. *State* v. *Colton,* 174 Conn. 135, 140, 384 A.2d 343 (1977). Whether the court must comment upon a witness' credibility is determined by the character and interest of the witness. *State* v. *Carey,* 76 Conn. 342, 349, 56 A. 632 (1904). In the present case, the state's witnesses were fellow employees, some of whom had admitted similar conduct, but who were granted amnesty and had received promotions. The fact that a witness was a participant in a related offense creates an interest which affects his credibility. *State* v. *Ferrara,* 176 Conn. 508, 512, 408 A.2d 265 (1979). Under the conditions which affected the credibility of some of the witnesses in the present case, we conclude that the court should have given a special caution to the jury.

Our inquiry does not end here, however, for it remains to be determined whether it is likely that the error involved affected the result and, as a consequence, deprived the defendant of a fair trial. Because the defendant's claim does not involve the violation of a constitutional right, the burden rests upon him to demonstrate the harmfulness of the court's error. *State* v. *Ruth,* 181 Conn. 187, 197, 435 A.2d 3 (1980). We have concluded that the error was harmless. This conclusion rests upon the following factors: the extensive cross-examination of the defendant's fellow employees; the testimony of Elaine Steele who first filed a complaint regarding the defendant's conduct, and who has not admitted similar conduct; and the general instructions to the jury on credibility which included consideration of whether a witness had any interest in the outcome of

the trial. For these reasons, we do not find that the trial court's error deprived the defendant of a fair trial.

## III

The third issue raised by the defendant is whether the court erred by failing to mention or instruct on the portions of General Statutes § 53-20[2] which refer to a person who "tortures" someone or "wilfully or negligently deprives any person of necessary food, clothing, shelter or proper physical care" when giving its jury charge on cruelty to persons. Such an instruction was included in the defendant's request to charge. The defendant argues that because of the failure of the court to give this instruction, the jury could not know the essential elements of the crime charged, thus depriving the defendant of due process. He contends that ejusdem generis, the principle of statutory construction that general words following a specific term apply only to matters of the same character, mandates the requested charge. We disagree. There is no question that the court was required to instruct the jury on all the essential elements of the crime charged. The instructions[3] adequately covered those facts which the jury had to find proven for conviction. *State* v. *Griffin,* 175 Conn. 155,

[2] General Statutes § 53-20 provides: "CRUELTY TO PERSONS. Any person who tortures, torments, cruelly or unlawfully punishes or wilfully or negligently deprives any person of necessary food, clothing, shelter or proper physical care; and any person who, having the control and custody of any child under the age of sixteen years, in any capacity whatsoever, maltreats, tortures, overworks, cruelly or unlawfully punishes or wilfully or negligently deprives such child of necessary food, clothing, or shelter shall be fined not more than five hundred dollars or imprisoned not more than one year or both."

[3] The court charged as follows: "The first count is the charge of cruelty to persons, and the pertinent portion of that statute, as applied to this case reads as follows: Any person who torments, cruelly or unlawfully punishes any person – and then goes on to indicate what should be done as far as penalty is concerned. The words contained in the statute have their ordinary meanings. 'Torment' means to cause persistent or recurrent

164–65, 397 A.2d 89 (1978). Since there was no evidence of deprivation and no claim of torture, the inapplicable portion of the statute should not have been charged to the jury. *State* v. *Criscuolo,* 159 Conn. 175, 177–78, 268 A.2d 374 (1970).

After the original charge was given, the court made a supplemental charge repeating what it had originally said in its instructions on cruelty to persons. No exception was taken at either time. The supplemental charge in no way affects our decision, since an unobjectionable charge does not become erroneous by repetition. *G & R Tire Distributors, Inc.* v. *Allstate Ins. Co.,* 177 Conn. 58, 62, 411 A.2d 31 (1979).

IV

The question presented by the defendant's final claim, that the court erred in refusing to grant the defendant's motion for acquittal, is whether the trial court abused its discretion. The evidence must be given a construction most favorable to supporting the jury's verdict. *State* v. *Smith,* 167 Conn. 328, 331, 355 A.2d 257 (1974). On the evidence presented, the jury could have reasonably concluded that the state had proved beyond a reasonable doubt that the defendant had committed the crimes of cruelty to persons and assault in the third degree. The defendant claims that there was insufficient evidence to prove a specific intent to commit assault. A person's intention may be inferred from his conduct. *State* v. *Ruiz,* 171 Conn. 264, 277, 368 A.2d 222 (1976). The jury were amply justified in finding from the evidence that the defend-

---

distress of body or mind. 'Cruelly' means imposed to inflict or cause pain or suffering. 'Unlawfully' means without color of right. 'Punish' means to impose a penalty as for a fault or offense. In this case, the evidence concerning 'unlawfully,' I think every witness that has taken the stand in this case has indicated that there is only one time physical force should be used on a client and that is in defense of oneself or another."

ant had the specific intent necessary. The court was not in error in refusing to grant the motion for acquittal.

There is no error.

In this opinion SHEA and COVELLO, Js., concurred.