STATE OF CONNECTICUT *v.* ALAN CANADY

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued January 12—decision released June 1, 1982

*William J. Sweeney, Jr.,* with whom, on the brief, was *Thomas P. Griffen,* for the appellant (defendant).

*Paul E. Murray,* assistant state's attorney, with whom, on the brief, was *Francis M. McDonald,* state's attorney, for the appellee (state).

SPEZIALE, C. J. The defendant, Alan Canady, was convicted by a jury of twelve of the bludgeoning murder of his eight-year-old son and of assault in the first degree for the shooting of his son's mother, with whom the defendant had lived. He has appealed from the judgment, claiming various errors in the rulings of the trial court, which we treat separately below.[1]

## I

### TRANSCRIPT OF GRAND JURY TESTIMONY

This is a case of first impression regarding the availability and the use of a transcript of grand jury proceedings. The long-established secrecy of grand jury proceedings has been invaded to a limited extent by General Statutes § 54-45a[2] and by

---

[1] At oral argument before us, the defendant abandoned two claims of error based on the instruction on intent given to the grand jury. See *State* v. *Stepney,* 181 Conn. 268, 435 A.2d 701 (1980), cert. denied, 449 U.S. 1077, 101 S. Ct. 856, 66 L. Ed. 2d 799 (1981).

[2] "[General Statutes] Sec. 54-45a. RECORD OF GRAND JURY PROCEEDINGS. TRANSCRIPTS. (a) In any grand jury proceeding ordered pursuant to the provisions of section 54-45, the official stenographer of the superior court or his assistant shall make a record of the proceedings excluding the deliberations, which shall be confidential and filed with the court. Access to the transcript shall be available only to the prosecutorial official or any person accused of crime as a result of the grand jury investigation or the accused person's attorney. The prosecutorial official or the person accused of a crime as a result of such grand jury investigation or the accused person's attorney may obtain a copy of the transcript by paying for it.

(b) The transcript of such proceedings may not be used as evidence in any proceeding against the accused except for the purpose of impeaching a witness, attacking the credibility of a witness or proving inconsistent statements of a witness. The transcript may also be used as evidence in a prosecution for perjury committed by a witness while giving such testimony."

Practice Book § 609.[3] Because of two of the defendant's claims of error, we address the extent of the invasion authorized by these provisions. We today hold that the transcript that § 54-45a (a) makes available to a defendant is made available under the inherent supervisory power of the Superior Court and that the evidentiary uses of the transcript by the defendant are restricted to impeaching a witness, attacking the credibility of a witness or proving inconsistent statements of a witness.

The defendant ordered a copy of the transcript of the grand jury proceeding directly from the court reporter without permission of the trial court soon after he was indicted and before any further proceedings. After receipt of the transcript he used it to challenge the warrant for his arrest and the indictment. The issues raised by these challenges raise serious problems that we have not addressed before.

A

Availability

Prior to the enactment of General Statutes § 54-45a and the adoption of paragraph (5) of Practice Book § 609 there was no requirement that grand jury proceedings be recorded and a defendant had no right to have them recorded. "Motions for the recordation and transcription of grand jury proceedings have been the subject of many decisions of this court uniformly finding no error in the denial of such requests. *State* v. *Piskorski*, 177

---

[3] Practice Book § 609 provides: "The following persons may be present while the grand jury is hearing evidence: (1) The witness under examination; (2) Interpreters when needed; (3) Such security personnel as the judicial authority shall deem necessary; (4) The defendant, within the discretion of the judicial authority; and (5) A court reporter. . . ."

Conn. 677, 680, 419 A.2d 866, cert. denied, 444 U.S.
935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); *State
v. Cobbs,* 164 Conn. 402, 411–12, 324 A.2d 234, cert.
denied, 414 U.S. 861, 94 S. Ct. 77, 38 L. Ed. 2d 112
(1973); *State v. Delgado,* 161 Conn. 536, 539, 290
A.2d 338 (1971), remanded for resentencing, 408
U.S. 940, 92 S. Ct. 2879, 33 L. Ed. 2d 764 (1972);
*State v. Vennard,* 159 Conn. 385, 390, 270 A.2d 837
(1970), cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27
L. Ed. 2d 625 (1971); see *State v. Stepney,* 181
Conn. 268, 280, 435 A.2d 701 (1980), cert. denied,
449 U.S. 1077, 101 S. Ct. 856, 66 L. Ed. 2d 799
(1981). The federal courts also have recognized
that there is no constitutional right to a transcript
of such proceedings. *United States v. Cramer,* 447
F.2d 210, 213–14 (2d Cir. 1971), cert. denied, 404
U.S. 1024, 92 S. Ct. 680, 30 L. Ed. 2d 674 (1972);
*Chesney v. Robinson,* 403 F. Sup. 306, 310 n.9
(D. Conn. 1975), aff'd, 538 F.2d 308 (2d Cir.), cert.
denied, 429 U.S. 867, 97 S. Ct. 177, 50 L. Ed. 2d
147 (1976). In *Chesney* the court held that the
traditional shroud of secrecy accorded to grand
jury proceedings must be lifted to permit cross-
examination of a witness at trial, based upon his
earlier contradictory testimony before the grand
jury in order to implement the constitutional right
of confrontation; see *Davis v. Alaska,* 415 U.S. 308,
317, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); but
the court observed that recordation of the proceed-
ings was not essential. Id." *State v. Cosgrove,* 186
Conn. 476, 477–78, 442 A.2d 1320 (1982).

In apparent response to *Chesney v. Robinson,*
supra, the legislature enacted § 54-45a which pro-
vides that grand jury proceedings be recorded
and that the transcript of them "shall be confiden-
tial and filed with the court. Access to the tran-

script shall be available only to the prosecutorial official or any person accused of crime as a result of the grand jury investigation or the accused person's attorney. The prosecutorial official or the person accused of a crime as a result of such grand jury investigation or the accused person's attorney may obtain a copy of the transcript by paying for it." A copy of the grand jury transcript was not intended to be automatically available to the state's attorney, the accused person, or the accused person's attorney. This is evident from the language that the transcript "shall be confidential and filed with the court."

The Superior Court has incorporated the practice of § 54-45a into its rules through the 1981 amendment to Practice Book § 609, which added "court reporter" to the list of persons who "may be present" at grand jury proceedings. See *State* v. *Cosgrove,* supra, 479 n.1. Implicit in this adoption, made explicit today, is our recognition that access to grand jury transcripts is a matter within the general supervisory power of the court. The transcript must be filed with the court. Because it "shall be confidential," the court should seal it. The state's attorney and the defendant or the defendant's attorney, may not have access to the transcript outside of the general supervisory power of the court. They must apply to the court for an order that the court reporter provide a copy of the transcript. They may not, as has been the practice in some judicial districts, order the transcript directly from the court reporter.[4]

---

[4] A court reporter cannot make the judicial determination that may be required to decide whether a person is entitled to a transcript, for example, whether a defendant charged with manslaughter after a grand jury has failed to return a true bill is a "person accused of crime as a result of the grand jury investigation."

Prior to the trial testimony of a witness who testified before the grand jury, the court in ruling on a motion for release of a grand jury transcript may exercise its discretion and impose such conditions on the release and use of the transcript as are consistent with General Statutes § 54-45a and the rules of the court. Some considerations that may be relevant to its ruling are these: If recalcitrance or fear of reprisal on the part of witnesses is a concern, the court may deny the motion or restrict the extent of the transcript released. Not to accommodate these concerns might undermine Practice Book § 609 (4), which permits a defendant to be present before a grand jury only in the discretion of the court. If the court denies a request by a defendant to be present, the point of doing so may be lost if the excluded defendant can still buy a copy of the transcript of the grand jury testimony of a trial witness prior to that witness' testimony at trial. Also, if a defendant has been permitted to be present before the grand jury, no purpose would seem to be served by denying a defendant's request for a transcript of the proceedings he observed.

### B

### Use

Section 54-45a expressly limits the evidentiary uses of grand jury transcripts. Part (b) of the statute provides: "The transcript of such proceedings may not be used as evidence in any proceeding against the accused except for the purpose of impeaching a witness, attacking the credibility of a witness or proving inconsistent statements of a witness. The transcript may also be used as evidence in a prosecution for perjury committed by a witness while giving such testimony." See *Chesney*

v. *Robinson*, supra; *State* v. *Coffee*, 56 Conn. 399, 412, 16 A. 151 (1888); *State* v. *Fasset*, 16 Conn. 457, 467 (1844). The defendant seeks to use the grand jury transcript in ways not authorized by law. Where the traditional secrecy of grand jury proceedings is well entrenched in the common law—"older than our Nation itself," *Pittsburgh Plate Glass Co.* v. *United States*, 360 U.S. 395, 399, 79 S. Ct. 1237, 3 L. Ed. 2d 1323 (1959)—any change in that law must be strictly construed. Because the defendant's use of the grand jury transcript is unauthorized, he may not prevail on claims of error that depend on it.

### 1. Arrest Warrant

The defendant claims error in the trial court's denial of his motion to dismiss the information and the denial of a hearing on said motion. The defendant challenged the warrant for his arrest for assault as unsupported by probable cause. He claims that the statement in the affidavit, "she [the victim] stated that the assailant had a ski type mask on," conflicted with testimony of the victim before the grand jury that the assailant did not have a ski type mask on, and referred to a specific page of the grand jury transcript. Because this evidentiary use does not fall within the evidentiary uses authorized by law, the defendant may not use the grand jury transcript to challenge the warrant for his arrest.[5] The court did not err in its ruling concerning the arrest warrant.

---

[5] Even if the defendant could press his challenge independently of the grand jury transcript, he would fail. His support; *Franks* v. *Delaware*, 438 U.S. 154, 155–56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978); held that where a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in a search warrant affidavit, and if the allegedly false statement is

## 2. Alternate Grand Juror

For the first time on appeal, the defendant claims that an alternate grand juror, in asking a question of a witness at the grand jury proceeding, violated the stricture of General Statutes § 54-45 (a)[6] against an alternate grand juror's counseling or conferring with the regular grand jurors; the indictment, the defendant claims, was therefore constitutionally defective.

necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. The defendant has made no showing that a false statement *by the affiant* was included knowingly and intentionally, or with reckless disregard for the truth. The alleged falsity is an alleged falsity of a statement *by a witness*. And the allegedly false statement is not necessary to the finding of probable cause: in both versions the victim identified Alan Canady as her assailant; the discrepancy bore not on the identity of her assailant or on what he did but on whether he wore a ski mask, a fact not necessary to a finding of probable cause to arrest for assault.

[6] "[General Statutes] Sec. 54-45. WHEN GRAND JURY IS REQUIRED. SELECTING GRAND JURY. ALTERNATE GRAND JURORS. (a) The superior court may, when necessary, order a grand jury of eighteen electors of the judicial district where said court is sitting to be summoned, impaneled and sworn to inquire after and present such offenses as are cognizable by said court. Said court may, in its discretion, order one or two additional electors to be added to the grand jury as alternate grand jurors. *Such alternate jurors* shall be sworn separately from those constituting the regular panel and *shall not counsel or confer with members of the regular panel as to any matters before the grand jury unless they become a part of the regular panel* as hereinafter provided. They shall attend the sessions of the grand jury and shall be seated with or near the members of the regular panel, with equal opportunity to see and hear all matters adduced in the proceedings. If for any reason a grand juror is unable to further perform his duty, the court may excuse him and, if any grand juror is so excused or dies, the court may order that the alternate juror or, if more than one, that one who is designated by lot drawn by the clerk of the superior court shall become a part of the regular panel and the inquiry shall then proceed as though such grand juror had been a member of the regular panel from the beginning of the inquiry." (Emphasis added.)

Because this claim of the defendant depends upon the unauthorized use of the grand jury transcript, it is improper; therefore we do not address it.[7]

## II

### PRESENCE OF COUNSEL BEFORE GRAND JURY

The defendant claims the court erred in denying his motion that counsel be allowed to be present at the grand jury proceeding. He contends that a grand jury proceeding is a critical stage of a prosecution and that he, therefore, had a constitutional right to counsel, or, alternatively, that the court abused its discretion in not allowing counsel to be present.

It is well established that an accused person has no constitutional right to the presence of counsel before a grand jury. *State* v. *Cosgrove,* 186 Conn. 476, 479, 442 A.2d 1320 (1982); *State* v. *Piskorski,* 177 Conn. 677, 680, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); *State* v. *Cobbs,* 164 Conn. 402, 411–12, 324 A.2d 234, cert. denied, 414 U.S. 861, 94 S. Ct. 77, 38 L. Ed. 2d 112 (1973). This is "the settled law of this state." *State* v. *LaBreck,* 159 Conn. 346, 348, 269 A.2d 74 (1970). See *State* v. *Kearney,* 164 Conn. 135, 139, 318 A.2d 100 (1972); *State* v. *Delgado,* 161 Conn. 537, 539, 290 A.2d 338 (1971), remanded for resentencing, 408 U.S. 940, 92 S. Ct. 2879, 33 L. Ed. 2d 764 (1972); *State* v. *Stallings,*

---

[7] The defendant also claims that the trial court erred in denying his motion to inquire into the possible prejudice of an alternate grand juror who had the same last name as a defendant in another action who had been sued by a plaintiff represented by the present defendant's counsel. The court did not err in denying this motion because any prejudice to the defendant is harmless: the alternate grand juror took no part in the deliberations of the grand jury.

154 Conn. 272, 282, 224 A.2d 718 (1966); *Lung's Case,* 1 Conn. 428 (1815). Federal authorities take the same view. E.g., *Cobbs* v. *Robinson,* 528 F.2d 1331, 1337-40 (2d Cir. 1975), cert. denied, 424 U.S. 947, 96 S. Ct. 1419, 47 L. Ed. 2d 354 (1976); *United States* v. *Scully,* 225 F.2d 113, 116 (2d Cir.), cert. denied, 350 U.S. 897, 76 S. Ct. 156, 100 L. Ed. 788 (1955).

Nor may a court exercise its discretion and allow counsel for a defendant to be present at grand jury proceedings. The traditional secrecy of the grand jury has been changed to the limited extent of allowing certain persons to be present in the discretion of the court; however, Practice Book § 609 does not include counsel for a defendant among the persons permitted to be present. A trial court has no authority to exercise its discretion to permit what the law proscribes. We see no reason to depart from our settled case law prohibiting the presence of the state's attorney and the defendant's attorney at proceedings before a grand jury. The court did not err in denying the defendant's request for the presence of counsel at the grand jury proceeding.

### III

#### POLICE OR PROSECUTORIAL MISCONDUCT

The defendant also claims that the trial court erred in denying his motion to dismiss the indictment and information for police or prosecutorial misconduct. The alleged misconduct involved two police reports, an original report that the victim stated she had last seen the exercise bar in her *new* apartment, and a corrected report that she had last seen it in the *old* apartment. The trial court held an evidentiary hearing and found no miscon-

duct and no prejudice to the defendant. On the basis of our review of the record, we conclude that the trial court did not err in denying the motion.[8]

## IV

### PSYCHIATRIC AND NEUROLOGICAL EXAMINATION OF A WITNESS

The defendant also claims error in the trial court's denial of his motion for a psychiatric and neurological examination of the victim for purposes of determining her competency to testify. In support of his motion the defendant pointed to inconsistencies in the victim's testimony and to medical testimony at trial regarding the possible effects on the victim's memory of the injuries caused by the defendant's having shot her in the head. The court held a preliminary hearing on the issue of competency and denied the motion.

The defendant claims that the court reached the wrong conclusion on the basis of the evidence before it. But " '[t]he court is not bound to order an examination on the question merely because counsel for the accused requests that it be done, where the court, after hearing the testimony of the witness, has no doubt of his [or her] mental soundness.' " *State* v. *Vars,* 154 Conn. 255, 268, 224 A.2d 744 (1966). A psychiatric and neurological examination of a witness can be a "tool of harassment." *United States* v. *Benn,* 476 F.2d 1127, 1131 (D.C. Cir. 1973). "The

---

[8] The defendant claims further that the prosecution's not making the corrected report available to him until after the voir dire in the selection of the jury denied him the right to an effective voir dire. The defendant, however, does not explain or illustrate how this right was denied. This claim of error, not having been raised below, is not properly before us, nor is there any plain error; Practice Book § 3063; or exceptional circumstance; *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973); that would allow us to review it.

competency of a witness is a matter peculiarly within the discretion of the trial court and its ruling will be disturbed only in a clear case of abuse or of some error in law." *State* v. *Manning,* 162 Conn. 112, 115, 291 A.2d 750 (1971). See also *State* v. *Piskorski,* supra, 715; *State* v. *Orlando,* 115 Conn. 672, 675, 163 A. 256 (1932). On the basis of its observations of the witness' "demeanor," "ability to answer questions," "ability to receive correct impressions," "ability to recollect and narrate intelligently," and "ability to appreciate the moral duty to tell the truth," the court concluded that "there was not sufficient doubt as to her competency to warrant . . . a psychiatric examination." We cannot say that the court abused its discretion.

There is no error.

In this opinion the other judges concurred.