## In re Investigation of the Grand Juror into Cove Manor Convalescent Center, Inc. (12839)

Peters, C. J., Shea, Dannehy, Santaniello and Callahan, Js.

Argued December 4, 1986—decision released March 31, 1987

*Richard J. Lynch,* assistant attorney general, with whom were *Lisa H. Oliveri,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellant (defendant department of health services).

*Stephen E. Ronai,* with whom was *Louis B. Todisco,* for the appellee (plaintiff Arnold J. Ryder).

SANTANIELLO, J. This appeal after certification is from a decision of the Appellate Court reversing the judgment of the trial court, *Borden, J.,* which granted the cross application of the department of health services (DHS) for access to grand jury materials previously ordered sealed.

The factual basis for this action is as follows. On September 29, 1979, the chief state's attorney, pursuant to General Statutes § 54-47 (b),[1] filed an application requesting that an inquiry be made to determine whether there was probable cause to believe that fraud was committed by long term care providers. Pursuant to § 54-47 (c),[2] the chief court administrator appointed a senior judge, *Hon. Roman J. Lexton,* to conduct an

---

[1] Prior to its repeal by Public Acts 1985, No. 85-611, § 9, General Statutes § 54-47 (b) provided: "The chief state's attorney and the deputy chief state's attorney may also apply to the chief court administrator for an order that an inquiry be made to determine whether or not there is probable cause to believe that a crime or crimes have been committed. If the chief court administrator is satisfied from the application and any other papers or evidence submitted in support thereof that the administration of justice requires such an inquiry, he shall order that it be made and shall appoint a judge, a state referee or any three judges of the superior court to conduct the inquiry, with the assistance of the chief state's attorney, deputy chief state's attorney or any state's attorney or assistant state's attorney."

[2] General Statutes § 54-47 (c) provided: "Such inquiries shall be conducted in public or private as said court or chief court administrator orders."

investigation in private.[3] Upon completion of the investigation, a report was issued and the transcript and record of the investigation were ordered sealed. Based upon the report of the grand juror, Arnold J. Ryder, the owner and administrator of Cove Manor Convalescent Center, Inc., was arrested and prosecuted. He pleaded nolo contendere to five counts of larceny in the first degree and was subsequently sentenced.

Thereafter, DHS commenced a civil administrative disciplinary proceeding against Ryder. Prior to the hearings, DHS requested that the office of the chief state's attorney seek release of the grand jury transcripts. Ryder brought this action to the Superior Court to deny DHS access to this information. DHS filed a cross application requesting access to all transcripts and the release of any secrecy orders imposed upon witnesses in the grand jury proceeding. The trial court granted the cross application and Ryder appealed to the Appellate Court. The court reversed the trial court, holding that because members of the public or interested parties seeking access to grand jury materials must first demonstrate a particularized need for disclosure of the materials, and because the trial court had not required the department to make such a showing, that court had abused its discretion in granting the department access to the report and in releasing the witnesses from any order of secrecy.[4] *In re Investigation of the Grand Juror,* 4 Conn. App. 544, 558–59, 495 A.2d 1098 (1985). We agree.

---

[3] Because of health reasons, Judge Lexton requested to be relieved of this duty, and Hon. Harold M. Missal, senior judge, was appointed to continue the inquiry.

[4] There is nothing in the record before us which indicates that the grand juror's order of secrecy precluded the witnesses from testifying at an administrative hearing or disclosing information acquired outside of the grand jury hearings. If this information is sufficient to allow the agency to proceed with the license revocation proceeding, then the need for the report of the grand juror and transcript would be obviated. If, on the other hand,

The Appellate Court decision in this matter was released on July 30, 1985. Id., 544. A petition for certification of this appeal to the Supreme Court was granted on September 24, 1985. Subsequent to the certification, this court rendered a decision fully analyzing the requirement that a showing of "particularized need" is a prerequisite to the release of grand jury materials. *In re Final Grand Jury Report Concerning the Torrington Police Department,* 197 Conn. 698, 501 A.2d 377 (1985).

In light of the considerations set forth in *In re Final Grand Jury Report Concerning the Torrington Police Department,* supra, and the Appellate Court's analysis in this case, it would serve no useful purpose for us to repeat the discussion therein contained. We therefore do not reach the questions posed by DHS and dismiss the appeal on the ground that certification was improvidently granted.

The appeal is dismissed.

In this opinion the other justices concurred.

it is determined that the information is still insufficient for that purpose, then either party may attempt to gain access to the report and transcript by attempting to show a "particularized need" for the material sufficient to overcome the need for secrecy.