[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR DEFAULT
The plaintiff is seeking a default judgment against the defendant or alternatively an order compelling the defendant to submit to further medical examination.
The plaintiff in deposing defendant observed what was perceive as a physical disability in defendant. The plaintiff moved for an order of medical examination which was granted by the Court (Dunn, J.).
Plaintiffs claim that in this action arising from an automobile collision, the defendants driving ability and capacity are at issue.
The plaintiff's expert felt that physical testing at a medical facility was necessary in order for an examination of defendant's disability. CT Page 9660
Practice Book Sec. 229 states in pertinent part:
 ". . . in any civil action. . .in which the mental or physical condition of a party is material to the prosecution or defense of said action, the Court may order the party to submit to a physical or mental examination. . .such an order may be made only on a motion for good cause."
Here an examination has been ordered, but the examining physician indicated testing was necessary for an evaluation of the Defendant's driving capacity. The defendant has refused to submit to such testing.
In Lombardo v. Holdridge, 40 Conn. Sup. 265 (1985), Judge Berdon denied the defendant's motion for a second examination noting:
 "[s]urely, the court has discretion to order another examination. . .[n]evertheless, this discretion should be sparingly exercised. Subjecting a person to a physical exam by a physician certainly is an invasion of the person's privacy and should not be treated lightly by the court,"
Lombardo, supra at p. 265. Also, see State v. Canady,187 Conn. 281 (1982) and Smith v. Christie, 3 CLR #5 at p. 158 (1991) regarding mental examinations.
Practice Book Section 229 differs from Conn. Gen. Stat. Sec. 52-178a in at least two respects. The statute is limited to examinations of plaintiffs seeking damages for personal injuries, and does not contain the explicit "good cause" requirement of the Practice Book Section.
The plaintiff has failed to establish "good cause", for the invasion of the defendant's privacy implicit in the requested testing.
The plaintiff's motion is denied.
HON. ROBERT McWEENY Superior Court Judge