[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR INDEPENDENT MEDICAL EXAMINATION
The defendant seeks an independent psychiatric examination of the plaintiff Sharon Henderson in connection with her claim for damages for emotional distress arising out of a tubal ligation procedure that allegedly failed to prevent a subsequent pregnancy. The defendant requested this examination following the disclosure by the plaintiff of an expert who is to testify as to her mental anguish. The defendant represents, and this is not contradicted by the plaintiff, that she has other pre-existing mental health issues as well, and the defendant therefore claims to be concerned that it is these pre-existing issues that may be the source of her present mental anguish. The defendant therefore requests an order requiring Sharon Henderson to submit to an extensive examination by Peter Zeman, M.D., a psychiatrist.
The plaintiff objects generally to the examination and more particularly to its scope. In a letter from defendant's counsel to plaintiff's counsel, the defendant proposes three interviews of 90 minutes each. The sessions would include a history of the events surrounding the plaintiff's claim, a broad-based family history, a broad-based personal history, including, inter alia, "marital and parenting history; history of significant personal relationships; alcohol and drug use; children; religion. . .", and a mental status examination, including, inter alia, "analysis of potential mood disorders, major mental illness, depression, etc."
The defendant wants only the examiner and the plaintiff to be present during these sessions. The plaintiff argues that if the examination is to go forward at all, her attorney or other third person should be permitted to be present.
Practice Book § 229 permits, in a case such as this, a mental examination by a physician. Whether the mere allegation of mental or emotional distress or anguish would be a sufficient basis upon which to conclude that "the mental . . . condition of a party . . . is material to the prosecution or defense of said action. . .", thereby triggering the applicability of the rule, is CT Page 9660 not the issue, for in this case, the plaintiff has in addition disclosed an expert physician who will testify as to the psychological or psychiatric impact of the alleged "wrongful birth" on her mental health. Under these circumstances, the defendant is clearly entitled to have its own expert conduct an independent examination relating to the same issues.
This does not end the inquiry, however, as the rule also authorizes the court to "make such order as is just in connection with the request" for such an examination. Recognizing that "[a] psychiatric and neurological examination of a witness can be a `tool of harassment'" State v. Canady,187 Conn. 281 (1982), and that "such an examination is inherently intrusive", Smith v. Christie, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 380970 [January 10, 1991, 3 CLR 125 (1991)] (Maloney, J.), this court agrees with the plaintiff that some limitations on the scope of the examination are in order.
A factual scenario similar to that presented by this case is found in Carla Woodcock v. Journal Publishing, Inc., 7 CLR No. 3, 85 (August 10, 1992), in which Judge McWeeny ordered the plaintiff to submit to a mental examination. He limited its scope, however, to "a single interview with defendant's expert who will have the benefit of having reviewed any records of medical or psychological treatment of the plaintiff." He also ordered that the plaintiff may be accompanied by counsel during such an examination, having been persuaded, as has this court, by the reasoning of Zabkowicz v. West Bend Co., 585 F. Sup. 635
(E.D. Wis. 1984).
This court therefore grants the defendant's request to the extent that the plaintiff is ordered to submit to a single interview, not to exceed one hour in length, with Dr. Zeman[1]
relative to the plaintiff's claim of mental or emotional distress or anguish. The plaintiff may be accompanied by her counsel during such examination.
Jonathan B. Silbert, Judge